[No. 6578–2–III.   Division Three.   September 16, 1986.]

GRANGE INSURANCE ASSOCIATION, *Respondent,* v. BARRY AUTHIER, ET AL, *Defendants,* SHARON KINNEY, *Individually and as Guardian ad Litem, Appellant.*

*Richard E. Lewis, Humphries, Patterson & Lewis,* and *Peter E. Jorgensen,* for appellant.

*Gerald J. Moberg* and *Ries & Kenison,* for respondent.

McINTURFF, J.—Sharon Kinney, individually and on behalf of her two minor daughters (the Kinneys), appeals a summary judgment entered in favor of Grange Insurance Association (insurer) holding the insurer not liable for damages resulting from its insured's indecent liberties with Mrs. Kinney's daughters. The Superior Court based its judgment on public policy considerations. We need not address public policy because the insurance contract, as written, does not provide coverage.

In 1982, Barry Authier pleaded guilty to a charge of taking indecent liberties with a minor daughter of Sharon Kinney. The Kinneys subsequently brought an action against Mr. Authier alleging he sexually, physically and psychologically assaulted both of the Kinney children and that his acts resulted in their mental and physical injury. The complaint further alleged Mr. Authier acted willfully or with willful negligence. Mr. Authier's insurer accepted defense of the Kinneys' action, with a full reservation of its rights pending determination of coverage under the policy. It then instituted the present action for declaratory relief, naming Mr. Authier and the Kinneys as parties. Mr. Authier and the insurer each moved for summary judgment.

In support of the insurer's motion, its counsel submitted his affidavit which identified the portions of the policy which the insurer interpreted as denying coverage:

Coverage G—Personal Liability
This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. . . .

. . .
Exclusions.
This policy does not apply:
   1. Under coverage G . . .

. . .
   f. to bodily injury or property damage which is either expected or intended from the standpoint of the insured;
   . . .

6. "occurrence" means an *accident,* including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage.

(Italics ours.)

Mr. Authier submitted the affidavit of Lucy Berliner, a social worker, who stated:

Based on my work experience, educational background and research relating to sexual assaults, it is my opinion that sexual molesters or offenders such as Mr. Authier rarely intend to harm their victims.

Regarding the policy language, the court made the following observation in its oral ruling on the motions.

The bodily injury or property damage which is either expected or intended, *I think we are talking about the injury that is expected or intended.* Now whether or not from the very skimpy information that I have before me Mr. Authier intended what he did, it is not that clear . . . That is an issue of fact a jury would have to find.

(Italics ours.) However, the court granted the insurer's motion for summary judgment on the ground that public policy does not permit one to insure himself against the results of a crime he may commit.

■ After the judgment was entered, we decided *Safeco Ins. Co. of Am. v. Dotts,* 38 Wn. App. 382, 685 P.2d 632 (1984), which is dispositive of the coverage question here. In *Dotts,* the policy contained language identical to that in Mr. Authier's policy. We noted the long-standing Washington rule:

[T]o recover under a policy insuring against death or injury by accidental means, (1) it is not enough that the *result* was unusual, unexpected or unforeseen, but it must appear that the *means* were accidental; and (2) *accident is never present when a deliberate act is performed, unless some additional, unexpected, independent, and unforeseen happening occurs which produces or brings about the result of injury or death.* (Some italics ours.) *Johnson v. Business Men's Assur. Co. of Am.,* 38 Wn.2d 245, 249, 228 P.2d 760 (1951)[.]

*Dotts,* at 385. There, Mr. Dotts struck David McKee with the back of his open hand. As a result, Mr. McKee died. It

was undisputed that the slap was deliberate. Thus, this court held as a matter of law there was no "occurrence" for which the policy provided coverage. *Dotts*, at 387. Since the *means* as well as the *result* must be accidental, Mr. Dotts' testimony that he did not intend to harm Mr. McKee was immaterial. *See also Unigard Mut. Ins. Co. v. Spokane Sch. Dist. 81*, 20 Wn. App. 261, 579 P.2d 1015 (1978); and *Briscoe v. Travelers Indem. Co.*, 18 Wn. App. 662, 571 P.2d 226 (1977).

The Kinneys attempt to distinguish *Dotts* by arguing that Mr. Authier's acts, although volitional, were not deliberate *because he did not intend the harm*. This is precisely the argument we rejected in *Dotts*. The harm here was caused by Mr. Authier's touching Mrs. Kinney's children in a criminal manner. No "additional, unexpected, independent, and unforeseen happening" occurred to bring about the injury. Mr. Authier does not contend he is mentally incompetent and, therefore, not responsible for his acts. Thus, the Kinneys' argument is unpersuasive. As a matter of law, there was no "accident" for which Mr. Authier's policy provided coverage.

In addition, the exclusionary provision of the policy for injury "expected or intended from the standpoint of the insured" precludes coverage here. In a recent case it was held that "[a]cts of this nature are of such a character that an intention to inflict injury can be inferred as a matter of law." *Rodriguez v. Williams*, 42 Wn. App. 633, 636–37, 713 P.2d 135 (1986). "Implicit in the determination that children must be protected from such acts is a determination that at least some harm is inherent in and inevitably results from those acts." *Allstate Ins. Co. v. Kim W.*, 160 Cal. App. 3d 326, 332–33, 206 Cal. Rptr. 609, 613 (1984). *See also Fireman's Fund Ins. Co. v. Hill*, 314 N.W.2d 834, 835 (Minn. 1982). We agree. Because of the nature of indecent liberties, we infer, as a matter of law, Mr. Authier intended to inflict injury on the Kinney children, regardless of his expert's affidavit to the contrary.

Since a judgment can be upheld on any theory within the

pleadings and the facts, we need not address the public policy considerations relied upon by the Superior Court in reaching its decision. *Ertman v. Olympia,* 95 Wn.2d 105, 108, 621 P.2d 724 (1980).

Based on the foregoing analysis, we affirm the summary judgment in favor of the insurer.[1]

GREEN, C.J., and THOMPSON, J., concur.

Review denied by Supreme Court January 6, 1987.

---

[1]We note the insurer's contention that the Kinneys are not aggrieved parties with standing to appeal because the issue of its liability to the Kinneys is not ripe until the Kinneys obtain a judgment against Mr. Authier. Since it was the insurer who named the Kinneys as defendants in this declaratory action, we assume, without deciding, that they have standing to appeal.