**ROLL FORM PRODUCTS, INC., an Oklahoma Corporation, Appellee,**

v.

**STATE INSURANCE FUND, of Oklahoma, Appellant.**

**No. 64637.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 27, 1987.

William C. Cheek, Oklahoma City, for appellant.

Patricia Ledvina Himes, and Gene C. Buzzard, Tulsa, for appellee.

GARRETT, Judge:

This is an action for restitution for money had and received. Appellant, State Insurance Fund of Oklahoma, was defendant, and the Appellee, Roll Form Products, Inc., an Oklahoma corporation, was plaintiff in the trial court. The parties will be designated as they appeared in the District Court.

In November, 1977, plaintiff caused an inquiry to be sent to defendant regarding workmens' compensation insurance coverage. Defendant furnished a questionnaire which was completed by plaintiff and sent to defendant. The response to the question "classification of operations or job description" was "3018 Rolling Mill." Defendant's response was a memorandum request seeking answers to several questions including "a complete description of work performed and the products they produce." Plaintiff answered: "Rolling Mill—National Council Code—3018."

Defendant then verified the fact that the previous insurer (Aetna) had used this code and sent an application for insurance to Plaintiff which was executed and returned. The application executed by one of plaintiff's officers classified the business as "3018 Rolling Mill NOC and Drivers." It was received on March 10, 1978, and a policy was issued on March 14, 1978.

The policy was effective from March 14, 1978 to March 1, 1979, and was renewed

from time to time as follows: March 1, 1979 to October 1, 1979, October 1, 1979 to October 1, 1980, October 1, 1980 to January 1, 1981, and January 1, 1981 to January 1, 1982. Each renewal policy was a new one and new policy numbers were applied.

On September 3, 1981 plaintiff requested a review of the classification. Defendant promptly asked for a classification inspection which was made by the Oklahoma Council on Compensation Insurance. The result was a notice that a change of classification to "3066 Sheet Metal Workshop" should be made effective January 1, 1982. The premium for the 3018 classification was approximately twice as much as the premium for the 3066 classification.

Defendant issued a Declaration Endorsement, effective January 1, 1981, changing the classification from "3018 Rolling Mill NOC & Drivers" to "3066 Sheet Metal Workshop" on its own option and credited plaintiff's account with a refund for excess premiums paid from and after January 1, 1981.

Plaintiff's operations did not change during the periods of time it was insured by defendant. Defendant declined to refund to plaintiff the "excess" premiums paid for the period from March 14, 1978 to January 1, 1981 and this action was commenced.

The parties executed and filed a Joint Stipulation of Facts and an Amended Joint Stipulation of Facts, and the facts were undisputed. Defendant moved for judgment and plaintiff moved for summary judgment. Both filed briefs.

The proceeding was bifurcated with the issue of liability being first determined. The trial court granted plaintiff's motion for summary judgment. A joint stipulation in lieu of an accounting was filed wherein the parties agreed to the amount of excess premiums paid. Judgment was entered for plaintiff and against defendant and this appeal followed.

In entering judgment the court found "the defendant has in its possession and under its control, funds which in equity and good conscience belong to plaintiff, said funds consisting of excess premiums paid by plaintiff...."

For reversal, defendant contends: (1) A contract can be reformed only by a clear showing of fraud, misrepresentation or mutual mistake of fact, (2) trial court erred in finding plaintiff was entitled to recover for moneys had and received without first finding grounds for reformation of the contracts, (3) equity and good conscience are not grounds for a decision in a contracts case without showing fraud, misrepresentation or mutual mistake of fact, and (4) the court erred in finding for plaintiff on grounds of equity and good conscience.

 Ordinarily this court must affirm the judgment of the trial court sitting in equity unless it is found to be against the clear weight of the evidence. *Wetsel v. Johnson*, 468 P.2d 479 (Okl.1970). However, where a case is submitted upon an agreed statement of facts, the court on appeal should apply the law to the facts as a court of first instance and direct judgment accordingly. *Rist v. Westhoma Oil Co.*, 385 P.2d 791 (Okl.1963).

 We agree with defendant that the insurance contracts can be reformed only upon a clear showing of fraud, inequitable conduct, misrepresentation or mutual mistake of fact, 43 Am.Jur.2d Insurance § 359; and that plaintiff should not recover for restitution for moneys had and received in the absence of grounds for and the reformation of the contracts, 58 C.J.S. Money Received § 21; *National Fire Ins. Co. of Hartford v. McCoy*, 205 Okl. 511, 239 P.2d 428 (1951); and that equity and good conscience are not applicable in a contracts case without showing fraud, inequitable conduct, misrepresentation or mutual mistake of fact.

*Kaplan v. Travelers' Ins. Co.*, 152 Misc. 825, 274 N.Y.S. 318 (1934) relied on by defendant is clearly distinguishable from the instant case. In *Kaplan*, the court held, inter alia, that claimant had not applied for reclassification within the time required by rate manual rule (Insurance Law, §§ 67, 141, 141b). No such rule is involved here. Likewise, *Orient Ins. Co. v.*

*Dunlap,* 193 Ga. 241, 17 S.E.2d 703 (1941) does not support defendant because there the company had been exposed to the risk involved.

15 O.S. 1981 § 63 is as follows:

Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in:

1. An unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or

2. Belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed.

Defendant contends that plaintiff's actions or neglect caused the error and the mistake was unilateral.

■ While we find no fraud, inequitable conduct or misrepresentation, the agreed facts above set out clearly show a mutual mistake of material fact.

Plaintiff and defendant each relied on the classification error of the previous insurer (Aetna), and both parties believed the clas-sification was correct and therefore the premium charged was correct. The mistake was promptly corrected when discovered. We do not agree that plaintiff was guilty of negligence, or that plaintiff contributed to the error any more than the defendant. Therefore, the contracts should have been reformed and then the judgment for plaintiff should have been granted.

■ While we believe the trial court erred in not reforming the contracts before granting judgment, the "bottom line" result would have been the same if it had been done.

The judgment is AFFIRMED.

ROBINSON, P.J. and REYNOLDS, J. concur.