STATE FARM FIRE & CASUALTY
COMPANY, Plaintiff,

v.

Ronald SMITH; Toni Delibertis, individ-
ually and in her capacity as Guardian
of the person of Angela Marie Smith;
and Angela Marie Smith, Defendants.

No. CV–S–88–690–PMP (LRL).

United States District Court,
D. Nevada.

March 10, 1989.

George W. Foley, Jr., Pearson & Patton,
P.C., Las Vegas, Nev., for plaintiff.

J. Randall Jones, Jones, Jones, Close &
Brown, Chtd., Las Vegas, Nev., for defen-
dants.

## ORDER

PRO, District Judge.

Plaintiff State Farm filed a Motion for
Summary Judgment (# 9) in the United
States District Court for the District of
Nevada on January 5, 1989. Defendants
Toni Delibertis (hereinafter Delibertis), in-
dividually and in her capacity as Guardian
of the person of Angela Marie Smith, and
Angela Marie Smith (hereinafter Angela)
filed an Opposition (# 11) on January 20,
1989. Plaintiffs filed a Reply (# 12) and
Defendants filed a Request for Hearing
(# 13) on January 26, 1989 and January 30,
1989 respectively. The Request for Hear-
ing was granted and was subsequently
held on March 3, 1989.

Delibertis is the mother of twelve year
old Angela. Ronald Smith, also named as a
Defendant in Plaintiff's declaratory relief
action, is Angela's adoptive father.[1] De-
fendants Delibertis and Angela commenced
an action on February 23, 1988 in Nevada
state court alleging, *inter alia*, that Defen-
dant Ronald Smith was negligent with re-
spect to his care of Angela. The Complaint
was based on a series of sexual molesta-
tions allegedly committed by Smith against
Angela which occurred subsequent to the
divorce of Delibertis and Smith and be-
tween the dates of June 12, 1987 and early
July 1987, while Angela was in the care of

1. On March 10, 1989, the Court entered an Or-
der granting Plaintiff's Motion for Summary
Judgment as to Defendant RONALD SMITH
based upon Defendant SMITH's failure to re-
spond to Plaintiff's Motion and in accordance
with Local Rules 140–6 of the Rules of Practice
of the United States District Court for the Dis-
trict of Nevada.

Smith. Smith later pled guilty to criminal charge of attempted sexual assault.

With respect to their state court complaint, Defendants Delibertis and Angela state that they pursued a negligence, as opposed to an intentional, theory of liability based upon Defendant Smith's lack of intention to harm Angela. Plaintiff State Farm, who insured Defendant Smith under a homeowners policy, tendered counsel for Ronald Smith subject to a reservation of rights to contest coverage under the policy.

On August 9, 1988, a Motion for Interlocutory Summary Judgment was filed by Delibertis and Angela in the state court action as to Ronald Smith's liability for negligence. Defendants' Delibertis' and Angela's motion was granted by the state court on September 7, 1988, and the underlying state court action is still pending as to the issue of damages.

In this action, Plaintiff State Farm seeks declaratory judgment that the claims asserted against Ronald Smith, insured in the underlying state court action, are outside the scope of coverage and/or are excluded from coverage under the provisions of the policy and that Plaintiff does not owe the insured, Ronald Smith, either a duty to defend said suit or to indemnify Smith for any damages for which he may be held liable in the state court action.

Plaintiff presents two arguments in support of its Motion for Summary Judgment:

1. coverage for the claims alleged against the insured in the underlying state court proceeding is excluded pursuant to the insurance policy exclusion for bodily injuries which are either expected or intended by the insured or which are the result of the willful and malicious acts of the insured; and

2. claims against the insured are outside the general scope of the policy coverage because they do not constitute an "occurrence" which the policy defines as an accident.

Defendants Delibertis and Angela contend that Plaintiff's Motion should be denied due to the fact that Defendant Smith lacked the subjective intent to harm Angela, and that the lack of such intent is indicative of several accidental, insurable "occurrences" under the policy.

The State Farm homeowner's policy, under Section II, provides liability coverage as follows:

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an 'occurrence', we will:

1. pay up to our limit of liability for the damages for which the insured is legally liable; and

2. provide a defense at our expense by counsel of our choice ...

The policy also contains the following express exclusions to liability coverage:

1. Coverage L [Liability] and Coverage M [Medical Payments] do not apply to:

a. bodily injury or property damage:

(1) which is either expected or intended by an insured; or

(2) to any person or property which is the result of the willful and malicious acts of an insured.

█ In diversity cases, the court is bound to apply the law of the forum state, *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Strassberg v. New England Mutual Life Ins. Co.,* 575 F.2d 1262 (9th Cir.1978). In the absence of controlling forum state law, a federal court sitting in diversity must use its own best judgment in predicting how the state's highest court would decide the substantive issue, *Dimidowich v. Bell & Howe.,* 803 F.2d 1473, 1482 (9th Cir.1986); *Takahashi v. Loomis Armored Car Service,* 625 F.2d 314, 316 (9th Cir.1980). In so doing, a federal court may review well-reasoned decisions from other jurisdictions, *Takahashi,* 625 F.2d at 316.

█ As observed by Plaintiff State Farm, the vast majority of jurisdictions that have considered this issue have concluded that intent to harm may be inferred from sexual contact with a minor as a matter of law, irrespective of the intent of the insured, *Rodriguez v. Williams,* 107 Wash.2d 381, 729 P.2d 627, 630 (1986);

CNA Ins. Co. v. McGinnis, 282 Ark. 90, 666 S.W.2d 689 (1984); *Vermont Mut. Ins. Co. v. Malcolm,* 128 N.H. 521, 517 A.2d 800 (1986); *Fire Ins. Exchange v. Abbott,* 251 Cal.Rptr. 620, 204 Cal.App.3d 1012 (1988); *Illinois Farmers Ins. Co. v. Judith G.,* 379 N.W.2d 638 (Minn.App.1986); *Linebaugh v. Berdish,* 144 Mich.App. 750, 376 N.W.2d 400, 405 (1985); *Allstate Ins. Co. v. Kim W.,* 206 Cal.Rptr. 609, 160 Cal.App.3d 326 (1984).

Moreover, subjective intent has been inferred irrespective of psychiatric evidence suggesting a lack of intent, *Illinois Farmers Ins. Co. v. Judith G., supra; Rodriguez v. Williams, supra; Public Employees Mut. Ins. Co. v. Rash,* 48 Wash.App. 701, 740 P.2d 370 (1987). "Implicit in the determination that children must be protected from such acts is a determination that at least some harm is inherent in and inevitably results from those acts," *Grange Ins. Ass'n v. Authier,* 45 Wash.App. 383, 725 P.2d 642, 644 (1986); *Kim W., supra.*

Although the Supreme Court of Nevada has not decided the issue, other decisions rendered in this District have followed the weight of authority from the aforementioned jurisdictions, *Allstate Insurance Co., v. Foster,* 693 F.Supp. 886 (D.Nev. 1988); *State Farm Fire Insurance Co., v. Grover,* CV-S-87-659-LDG (D.Nev.1988). Also, the Nevada Legislature's implicit intent to protect minors from lewd or lascivious acts, as embodied in NRS 201.230, supports Plaintiff's Motion.

Given the absence of Nevada law construing the exclusion clause at issue, the decisions from other jurisdictions interpreting similar clauses, as well as the implication of NRS 201.230 this Court concludes that the Nevada Supreme Court would infer intent as a matter of law. Thus, the actions of Defendant Ronald Smith are excluded from coverage under the State Farm homeowner's policy.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Summary Judgment (# 9) is granted.