[No. 24152-1-III. Division Three. May 30, 2006.]

STATE FARM FIRE AND CASUALTY COMPANY, *Respondent*, v. DAVID A. PARRELLA, *as Parent/Guardian, Defendant*, CAROLANNE POTTS, *Individually and as Parent/Guardian, Appellant.*

*Philip A. Talmadge* (of *Talmadge Law Group, P.L.L.C.*) and *Michael S. Brumback* (of *Hurst, Brumback & Brusic, P.L.L.C.*), for appellant.

*Timothy P. Cronin*, for respondent.

¶1 KATO, J. — As a prank, Anthony Parrella fired a pellet at James Potts. It hit James in the eye, causing serious

injury. Anthony's parents claimed coverage under their State Farm Fire and Casualty Company homeowners insurance policy. State Farm determined there was no coverage. After trial, the court agreed with the insurer because Anthony's act was deliberate and thus not an accident. We agree and affirm.

¶2 On November 9, 2003, Anthony Parrella, then 17, was home. He asked his friend James Potts, then 15, to come over to his house. He intended to meet James outside. Anthony went into his room to grab a coat when he noticed his BB gun and decided to take it outside with him. Once outside, he shot the BB gun and emptied its chamber. He went back inside to find more BBs but found only pellets. He loaded a pellet into the gun by putting it into the barrel and working it down.

¶3 Anthony saw James. As a prank, he aimed the gun from his hip area and fired. The pellet hit James in the eye, injuring him. Anthony did not intend to hit or injure James. The distance between them was approximately 162 feet.

¶4 The Parrellas sought coverage under their State Farm homeowners insurance policy. On January 13, 2004, State Farm sent the Parrellas a letter stating there was no coverage. But it elected to seek a legal determination by filing this action for declaratory judgment.

¶5 The court determined Anthony intentionally pulled the gun's trigger. Although Anthony did not intend to hurt James, the court concluded an intentional act could not be an accident. Accordingly, there was no coverage under the State Farm policy. This appeal follows.

¶6 This dispute involves the interpretation of an insurance policy, which we construe as a contract. *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165, 171, 110 P.3d 733 (2005). The policy must be considered as a whole and given a " 'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.' " *Id.* (internal quotation marks omitted) (quoting *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 666, 15 P.3d 115 (2000)).

¶7 Courts examine "the terms of an insurance contract to determine whether under the plain meaning of the contract there is coverage." *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 576, 964 P.2d 1173 (1998). "If terms are defined in a policy, . . . the term should be interpreted in accordance with that policy definition." *Id.* "Undefined terms, however, must be given their 'plain, ordinary, and popular' meaning." *Id.* (quoting *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 877, 784 P.2d 507 (1990)).

¶8 This court must determine if Anthony's actions are covered by the homeowners insurance policy, which provides for "damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence." Clerk's Papers (CP) at 280. An "occurrence" means an accident that results in bodily injury. CP at 267.

¶9 For purposes of liability insurance, " 'an accident is never present when a deliberate act is performed unless some additional unexpected, independent and unforeseen happening occurs which produces or brings about the result of injury or death. The means as well as the result must be unforeseen, involuntary, unexpected and unusual.' " *Grange Ins. Co. v. Brosseau*, 113 Wn.2d 91, 96, 776 P.2d 123 (1989) (quoting *Unigard Mut. Ins. Co. v. Spokane Sch. Dist. No. 81*, 20 Wn. App. 261, 263-64, 579 P.2d 1015 (1978)); *see also Detweiler v. J.C. Penney Cas. Ins. Co.*, 110 Wn.2d 99, 104, 751 P.2d 282 (1988).

¶10 "[A]n outcome [is] accidental only if both the means and the result were 'unforeseen, involuntary, unexpected and unusual.' " *Allstate Ins. Co. v. Bauer*, 96 Wn. App. 11, 16, 977 P.2d 617 (1999) (quoting *Brosseau*, 113 Wn.2d at 96). "It is not necessary that the claimant intend or expect the injurious consequences of her actions. All that is required is that the claimant know or should know facts from which a prudent person would conclude that the injurious consequences are reasonably foreseeable." *Lloyd v. First Farwest Life Ins. Co.*, 54 Wn. App. 299, 302, 733 P.2d 426 (citations omitted), *review denied*, 113 Wn.2d 1017 (1989).

■ ¶11 It is undisputed Anthony intended to shoot the BB gun but did not intend to injure his friend. A prudent person, however, would know that shooting a loaded BB gun could cause injury. Because the injury was foreseeable, the act was not an accident.

■ ¶12 Carolanne Potts argues the incident was an accident because Anthony did not intend to hurt her son. But his subjective intent is not relevant. *See Grange Ins. Ass'n v. Authier*, 45 Wn. App. 383, 386, 725 P.2d 642 (1986), *review denied*, 107 Wn.2d 1024 (1987); *Safeco Ins. Co. of Am. v. Dotts*, 38 Wn. App. 382, 385-86, 685 P.2d 632 (1984).

■ ¶13 Ms. Potts relies heavily on *Detweiler*, 110 Wn.2d 99. There, the insured intentionally fired six bullets into the tire of his truck. The bullets fragmented when they hit the wheel and spattered, hitting the claimant and causing injuries. *Id.* at 101. The court noted the result of the claimant's action and the sustained injuries were unintended but the means of shooting the weapon was intended. *Id.* at 108. But the court concluded that whether the injuries were a natural consequence of the actions or whether an independent, unforeseen happening caused them was a question of fact precluding summary judgment. *Id.* at 108-09.

¶14 *Detweiler* is distinguishable because summary judgment is not at issue in this case. Rather, the facts were presented at trial to the court as fact finder. It found the consequence, the injury to James, was foreseeable. *Detweiler* merely stands for the proposition that, under the circumstances there, a fact finder had to determine if the means and the result were intended and foreseeable. The court made that determination here after trial.

■ ¶15 In order for this incident to be considered an accident, both the means and the result must have been unforeseeable and unintended. While there is no dispute that Anthony did not intend to harm his friend, he did intentionally fire the gun. The injury was a foreseeable consequence. The court properly concluded the incident was not an accident. There was thus no coverage.

¶16 But Ms. Potts further argues the statements made by the State Farm adjuster to the Parrellas should estop the insurer from denying coverage. This argument, however, was not raised in the trial court. We need not consider it for the first time on appeal. RAP 2.5(a).

¶17 Ms. Potts provided this court with a statement of additional authorities. Substitute House Bill 2415 provides a definition of "accident" for underinsured motorist (UIM) coverage:

> As used in this section, and in the section of policies providing the underinsured motorist coverage described in this section, "accident" means an occurrence that is unexpected and unintended from the standpoint of the covered person.

SUBSTITUTE H.B. 2415, 59th Leg., Reg. Sess., at 3 (Wash. 2006).

¶18 This bill's definition is inapplicable to this case involving third-party coverage. The definition applies to UIM insurance, which is first-party coverage. Moreover, the bill's definition comports with case law on UIM coverage.

¶19 The injury here cannot be said to have been unexpected. Anthony fired a loaded BB gun at his friend to scare him. It was not unexpected that he could hit his friend and injure him. The incident does not meet the definition of accident. The court properly concluded there was no insurance coverage.

¶20 Ms. Potts has requested an award of attorney fees at trial and on appeal. Because she is not the prevailing party, her request is denied.

¶21 Affirmed.

SWEENEY, C.J., and BROWN, J., concur.

Reconsideration denied August 24, 2006.

Review denied at 160 Wn.2d 1009 (2007).