IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| GRANGE INSURANCE ASSOCIATION, a Washington corporation, | ) ) ) | No. 36195-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MIELKE BROTHERS, INC., a Washington corporation, and DOUGLAS MIELKE, an individual, | ) ) ) ) | |
| | ) | |
| Appellants. | ) | |

PENNELL, J. — Mielke Brothers, Inc. and Douglas Mielke appeal a summary judgment order declaring Grange Insurance Association has no duty to defend or indemnify against a minority shareholder lawsuit. Because the lawsuit in question does not seek damages for which bodily injury, property damage, or personal and advertising injury coverages apply, we affirm.

FACTS

Mielke Brothers, Inc. is a Washington corporation located in Lincoln County. Douglas Mielke is the corporation's president and chairman of its board of directors. Mielke Brothers owns crop and pasture land, farming equipment, farming buildings, and residential homes. The primary purpose of the corporation is to acquire, improve and develop properties, and conduct agricultural operations. The shareholders of Mielke Brothers include numerous members of the Mielke family. All current shareholders serve on the corporation's board of directors.

A minority of Mielke Brothers' shareholders filed suit in 2017, alleging oppressive actions by the corporation through Douglas Mielke and a majority of the shareholders. For example, the suit alleged that minority shareholder-employees were barred from accessing land necessary for employment. In addition, the minority shareholders claimed the corporation changed its rules regarding shareholder tenants; some tenants were going to be charged rent for residential property while other tenants could reside rent-free. Other alleged mismanagement included refusal to make payments on debt owed to one of the minority shareholders, failure to pay wages, cancelling crop leases related to minority shareholder income, and refusal to allow minority participation at board meetings.

Grange has provided farm insurance to Mielke Brothers since 2013. The Grange policy includes a provision for farming and personal liability insurance. Of relevance here, the policy includes liability coverage for "bodily injury and property damage," (Coverage H), Clerk's Papers (CP) at 109, and "personal and advertising injury" (Coverage I). *Id.* at 115.

Coverage for bodily injury and property damage (Coverage H) is limited to damage caused by an "occurrence" that takes place during the policy's coverage period. *Id.* at 109. An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 125.

Coverage for personal and advertising injury (Coverage I) includes damage for an injury, including consequential bodily injury, arising out of "[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor." *Id.*

The aforementioned coverage provisions oblige Grange to defend against a lawsuit seeking damages for "bodily injury," "property damage," or "personal and advertising injury" to which coverage applies. *Id.* at 109, 115-16.

3

Grange initially defended Mielke Brothers and Douglas Mielke in the minority shareholders' lawsuit under a reservation of rights. Grange then filed a declaratory judgment action in Spokane County Superior Court. The superior court granted Grange declaratory relief from further responsibility to defend or indemnity under the terms of the policy. Mielke Brothers and Douglas Mielke appeal.

ANALYSIS

Liability insurance generally obliges an insurer to defend an insured against claims for covered damages. *See St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 129, 196 P.3d 664 (2008). This duty to defend is broad, applying not only to covered losses, but also to ones that are potentially covered. *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 404, 229 P.3d 693 (2010). Doubts about coverage are to be resolved in favor of the duty to defend. *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 52-53, 64, 164 P.3d 454 (2007). De novo review applies to a trial court's summary judgment determination regarding an insurance company's duty to defend. *Id*. at 52.

Mielke Brothers claims that its liability coverage for bodily injury and property damage (Coverage H) and personal and advertising injury (Coverage I) apply to the claims in the minority shareholder complaint and, as a result, Grange has a duty to defend. We disagree.

4

The coverage for bodily injury and property damage (Coverage H) is limited in scope to an "occurrence" that happens during the policy period. CP at 109. An occurrence is defined as an "accident." *Id*. at 125. The shareholder complaint does not allege damages attributable to an accident. It alleges Mielke Brothers engaged in purposefully oppressive conduct. Such an intentional act with foreseeable consequences does not quality for coverage under the bodily injury and property damage provision (Coverage H). *See Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 401, 823 P.2d 499 (1992); *State Farm Fire & Cas. Co. v. Parrella*, 134 Wn. App. 536, 541, 141 P.3d 643 (2006).

Mielke Brothers argues that coverage for personal and advertising injury (Coverage I) applies because the complaint includes claims for wrongful eviction. We disagree with this characterization of the complaint. A unilateral change of lease terms (i.e., requiring rent where none was demanded before) is not an eviction. *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 593, 964 P.2d 1173 (1998) (eviction requires physical ouster). In addition, although there is an allegation that a minority shareholder has been wrongfully excluded from farming areas, Grange's policy only applies to evictions from a place of private occupancy, not an exclusion from the workplace. *See id*. at 590 (Private occupancy contemplates one that is secluded from the sight, presence or intrusion of others.).

5

No. 36195-1-III
*Grange Ins. Ass'n v. Mielke Bros., Inc.*

## CONCLUSION

Because the insurance agreement clearly does not afford coverage for the damage claims asserted against Mielke Brothers and Douglas Mielke, the trial court properly granted Grange's request for declaratory relief. This matter is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, C.J.                    Fearing, J.

6