MUTUAL SERVICE CASUALTY
INSURANCE COMPANY,
Respondent,

v.

Reverend Dennis PUHL, Appellant,

Martin J. Anderson, Defendant,

Charles Anderson and Beverly
Anderson, Respondents.

No. CX–84–645.

Court of Appeals of Minnesota.

Sept. 25, 1984.

Nancy L. Gores, Halverson, Watters, Bye, Downs & Maki, Ltd., Duluth, for Mut. Service Cas. Ins. Co.

John M. Colosimo, Greenberg, Colosimo & Patchin, Virginia, for Puhl.

Dennis J. Korman, Cloquet, for Martin Anderson.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Dennis Puhl appeals from an order of the trial court denying his motion for a new trial. Puhl contends the trial court erred in declaring he was excluded from coverage under a renter's insurance policy issued by respondent Mutual Service Casualty Insurance Co. As a basis for its exclusion, the trial court found that Puhl had expected or intended to bodily injure respondent Martin Anderson in committing a forcible homosexual assault on Anderson. We affirm.

## FACTS

Evidence received at a declaratory judgment action tried to the court indicated Puhl had a homosexual contact with Anderson, a minor. From the nature of the evidence, the court concluded the contact had, in fact, been an assault. Anderson and his parents sought money damages from Puhl, who tendered the defense to respondent Mutual Service Casualty Insurance Co., the insurer of Puhl under a renter's insurance policy. Mutual Service refused to defend, claiming Puhl was excluded from coverage because Puhl expected or intended to inflict bodily injury in the homosexual assault against Anderson.

The policy states:

Section II—Exclusions

1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

a. which is expected or intended by the insured.

Both parties sought to introduce psychiatric or psychological expert testimony as to intent to harm. The trial court, as the trier of the fact, rejected said testimony under Rule 702, Minnesota Rules of Evidence, determining the experts' opinions would not be helpful.

## ISSUE

Did the homosexual conduct of appellant Puhl relieve respondent Mutual Service Casualty Insurance Co. of providing coverage for any claims arising out of such conduct?

## ANALYSIS

The trial court heard conflicting evidence on the nature of homosexual conduct that occurred between Puhl and Anderson. The trial court, as the trier of fact, found nonconsensual conduct: "[T]he Defendant Puhl committed a forcible homosexual assault upon Plaintiff Martin Anderson at Cloquet, Minnesota." A trial court's findings will be upheld unless clearly erroneous. Minn.R.Civ.P. 52.01; *see Northern States Power Co. v. Lyon Food Products, Inc.*, 304 Minn. 196, 201, 229 N.W.2d 521, 524 (1975). The findings were not clearly erroneous.

The conduct of appellant Puhl having been found to be nonconsensual, we are bound to affirm by three recent Minnesota Supreme Court opinions. In *Horace Mann Ins. Co. v. Independent School District No. 656*, 355 N.W.2d 413 (Minn.1984); *State Farm Fire and Casualty Co. v. Wil-*

*liáms*, 355 N.W.2d 421, ___ (Minn.1984); *Estate of Lehmann v. Metzger*, 355 N.W.2d 425 (Minn.1984), the supreme court held that an intent to commit bodily injury can be inferred as a matter of law from an act of nonconsensual sexual contact. Mutual Service is not obligated to defend or to indemnify Puhl for any damages which may be assessed by reason of his conduct.

### DECISION

Evidence sustained a finding of a forcible sexual assault committed by appellant Puhl on another, thereby excluding Puhl from coverage under a renter's policy issued by respondent Mutual Service Casualty Insurance Co.

Affirmed.