YOUNG et al., Appellants,

v.

ALL AMERICA INSURANCE COMPANY, Appellee.

[Cite as *Young v. All Am. Ins. Co.* (1992), 81 Ohio App.3d 493.]

Court of Appeals of Ohio,
Ross County.

No. 1800.

Decided June 25, 1992.

*Spetnagel & Benson* and *Thomas Spetnagel,* for appellants.

*Wiles, Doucher, Van Buren & Boyle Co.,* and *Thomas J. Keener,* for appellee.

---

STEPHENSON, Presiding Judge.

This is an appeal from the entry of summary judgment by the Ross County Court of Common Pleas in favor of All America Insurance Company, appellee herein, in a declaratory judgment filed by Heather Young and her father, Roger A. Young, and appellants herein, seeking a declaration that Pamela J. Young was within the liability coverage of a homeowners policy issued by appellee in which she was a named insured. The court held Pamela J. Young was excluded from coverage. Appellants then appealed and assigned the following error:

"The trial court erred in granting All America's motion for summary judgment since All America did not demonstrate that there was no genuine issue as to whether Pamela J. Young intended to commit a sexual assault upon her daughter. In the absence of such a demonstration, it can not [*sic*] be irrebutably [*sic*] inferred that Pamela J. Young intended to injure her daughter."

The summary judgment motion was submitted to the court basically upon the declaratory judgment complaint and the homeowners policy with pertinent endorsements. The complaint averred, *inter alia,* that Heather Young born October 22, 1975, is the child of Roger A. Young and Pamela J. Young. The mother had custody of Heather. The complaint then averred the following:

"6. At all times mentioned herein, Plaintiff, Heather Young, willingly entrusted herself to Pamela J. Young's care and control, and had the utmost trust and confidence in Pamela J. Young as her mother and in Pamela J. Young's devotion and love for her.

"7. During the Spring and Summer of 1987, Pamela J. Young transported Plaintiff, Heather Young, to an outdoor area off Higby Road in Ross County,

Ohio, laid her down on a blanket, put blindfolds on her eyes, and removed her clothes.

"8. At said times and places, David Doles, an adult male, without any encouragement or inducement from Plaintiff, Heather Young, committed a sexual assault upon her.

"9. On or about May 26, 1989, and June 25, 1989, Pamela J. Young transported Heather Young to an establishment known as the LK Inn, located at 1135 East Main Street, Chillicothe, Ross County, Ohio, laid her down on a bed, put blindfolds on her eyes, and removed her clothes.

"10. At [those] times and places, the aforesaid David Doles assaulted Plaintiff, Heather Young, and forcibly committed acts of rape upon her, without her consent.

"11. At all times mentioned, Pamela J. Young acted recklessly, carelessly, and negligently in failing to monitor and failing to adequately supervise Plaintiff, Heather Young."

It was further averred that Heather suffered bodily and mental injuries and that Roger A. Young suffered "the loss of his daughter's services, including the loss of her society, companionship, comfort, love and solace, and incurred medical expenses in an amount not yet fully ascertained, and expects to incur further medical expenses."

The complaint then averred the following:

"14. At all times mentioned herein, Pamela J. Young was insured for her recklessness, carelessness, and negligence under a Homeowners Policy issued by Defendant, All America Insurance Company, policy number FMH 7 130 445. A copy of said policy is attached hereto and marked 'Exhibit A.'

"15. Pursuant to the conditions of the policy held by Pamela J. Young, there existed insurance coverage which would be available to compensate Plaintiffs." [1]

---

1. Whether or not an insurer can be granted a summary judgment in a declaratory judgment action even though acts of negligence which are covered under the policy are claimed was resolved by the Ohio Supreme Court in *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, by holding in the first paragraph of the syllabus as follows:

"An insurer may maintain a declaratory judgment action under R.C. Chapter 2721 for purposes of establishing its rights and obligations under a contract of insurance. The insurer, if proceeding in good faith, is entitled to bring such an action for purposes of adjudicating its duty to defend and/or indemnify its insured in a tort action brought by a third party even where the underlying tort complaint alleges conduct within the coverage of the contract of insurance. (*Transamerica Ins. Co. v. Taylor* [1987], 28 Ohio St.3d 312, 28 OBR 381, 504 N.E.2d 15, and *State Farm Fire & Cas. Co. v. Pildner* [1974], 40 Ohio St.2d 101, 69 O.O.2d 509, 321 N.E.2d 600, overruled.)"

At the times pertinent to the events averred in the complaint, there was in force a homeowners policy issued by appellee, wherein Roger A. Young and Pamela J. Young were named insureds. The policy contained the following definition:

" 'occurrence' means an accident, including exposure to conditions, which results, during the policy period, in:

"a. bodily injury[.]"

The liability coverage section of the policy reads as follows under Coverage E:

"If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence *to which this coverage applies*, we will:

"1. pay up to our limit of liability for the damages for which the insured is legally liable[.]" (Emphasis added.)

The policy as initially issued provided, under Section II—Exclusions, the following:

"1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

"a. which is expected or intended by the insured[.]"

The following endorsements were added to the policy and were in effect at all pertinent times:

### "HOMEOWNERS POLICY INTENTIONAL INJURY EXCLUSION ENDORSEMENT

"SECTION II—EXCLUSIONS

"Exclusion 1.a. is deleted. The following is substituted:

"1. Coverage E—Personal Liability and Coverage F Medical Payments to Others do not apply to bodily injury or property damage:

"a. which results from an act:

"(1) that is intended by an insured to cause any harm; or

"(2) that an insured could reasonably expect would cause any harm.

"This exclusion applies whether or not the insured:

"(1) intended or expected the results of his or her act, so long as the resulting injury or damage was a natural consequence of the intended act[.]

"HOMEOWNERS AMENDATORY ENDORSEMENT (EXCLUSIONS FOR: SEXUAL ACTS, POLLUTION, PUNITIVE OR EXEMPLARY DAMAGES)

"SECTION II EXCLUSIONS

"Under Item 1. 'Coverage E—Personal Liability and Coverage F—Medical Payments to Others,' the following exclusion is added:

"1. arising out of sexual acts. Sexual acts include but are not limited to molestation, incest or rape."

The trial court by judgment entry filed July 5, 1991 granted the motion for summary judgment filed by appellee. In so holding the court considered *Physicians Ins. Co. v. Swanson* (1991), 58 Ohio St.3d 189, 569 N.E.2d 906, stating "that in order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended. It is not sufficient to show merely that the act was intentional." Appellant's basic argument below and here is that summary judgment could not be granted because appellee did not demonstrate Pamela J. Young actually intended or expected to cause harm to Heather.

The court below distinguished *Swanson* upon the basis that it did not involve a sexual assault of a minor case and stated the following:

"For those jurisdictions which have addressed that issue, the overwhelming majority have held that in cases involving the sexual assault of a minor by the insured, it can be presumed that those injuries which naturally and unavoidably flow are so likely to result in injury that the intent of the insured to cause injury will be inferred."

After citing numerous authorities outside Ohio, the court concluded as follows:

"We agree with the majority view that such an inference should be made as a matter of law. Therefore, we conclude that Pamela Young intended to and expected to injure Heather Young. Accordingly, we find the intentional-and-expected-injury exclusion in the insurance policy is applicable in this case. That Pamela Young did not actively participate in the sexual assault is immaterial. Young provided the opportunity for the sexual assault to occur. Young transported the child to a place where Doles would be and removed the child's clothing, blindfolded her, and stood idly by while the assault occurred."

Initially, we note that the correctness of rendering a summary judgment depends upon a "tripartite demonstration" (1) that there is no genuine issue as to any material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion

and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884. Furthermore, it is well settled that the party moving for summary judgment is the one who bears the burden of showing that there exists no genuine issue of material fact. *Harless,* at *id.; Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. [2]

Appellant maintains there existed a genuine issue of material fact as to whether Pamela J. Young intended to commit a sexual assault upon her daughter and, absent a demonstration of such intent, a presumption of injury is improper. In support appellant asserts the burden was upon appellee to demonstrate such intention and failed in that respect. Principal reliance is placed upon *Physicians Ins. Co. v. Swanson, supra,* wherein the policies considered contained the following provisions:

First policy: "Part I, Exclusions to Part G and Part H

"1. Part G, Personal Liability Coverage and Part H, Medical Payments to Others does [*sic*] not apply to bodily injury or property damage:

"a) which is expected or intended by the insured[.]"

Second policy:

"PART I—DEFINITIONS

" * * *

"1. Personal Injury means:

"A. bodily harm * * * to others caused by an accident;

" * * *

"3. Accident means an event or series of unrelated events that unexpectedly, unintentionally and suddenly causes personal injury or property damage during the policy period.

" * * *

"PART IV—WHAT IS NOT COVERED—EXCLUSIONS

" * * *

"8. We will not cover Personal Injury or Property Damage caused intentionally." *Id.,* 58 Ohio St.3d at 190–191, 569 N.E.2d at 907–909.

---

**2.** The entry also noted, but did not discuss in any detail, the exclusion for sexual acts, in denying coverage.

The Supreme Court held that for the exclusion for an expected or intentional injuries to avoid coverage, the insurer must demonstrate that the injury itself was expected or intended. Appellants argue in their brief as follows:

"In this matter, All America has wholly failed to produce any evidence which demonstrates that Pamela J. Young intended to injure her daughter by her acts. In the absence of such a factual demonstration, there remains a genuine issue as to what result Pamela J. Young intended or expected to achieve by her actions. Since All America has not shown that Pamela J. Young intended by her acts to produce the sexual assault upon her daughter by David Doles, summary judgment is inappropriate."

We find appellants' argument unpersuasive and hold under the complaint averments that reasonable minds could only conclude that Pamela J. Young intended that Heather be sexually assaulted, based upon her conduct in transporting Heather on three different occasions to locations where David Doles was located, on each occasion blindfolding Heather's eyes and removing Heather's clothing, followed by acts of sexual assault by David Doles.

Even though we view the summary judgment evidence as sufficient to establish intentional conduct on the part of Pamela J. Young, appellee insurer, under the general rule, was required to establish an intention to injure Heather on the part of Pamela J. Young. Although the question has apparently not yet been decided by the Ohio Supreme Court, the great weight of authority outside Ohio holds that an intent to injure will be presumed as a matter of law in sexual attacks involving minors.

The decisions are legion on this issue. Representative cases are *Scudder v. Hanover Ins. Co.* (1990), 201 Ill.App.3d 921, 147 Ill.Dec. 386, 559 N.E.2d 559; *K.A.G. By Carson v. Stanford* (1988), 148 Wis.2d 158, 434 N.W.2d 790, *Horace Mann Ins. Co. v. Leeber* (1988), 180 W.Va. 375, 376 S.E.2d 581; *Grange Ins. Assn. v. Authier* (1986), 45 Wash.App. 383, 725 P.2d 642; *Rodriguez v. Williams* (1986), 107 Wash.2d 381, 729 P.2d 627. For an exhaustive enumeration of courts that have adopted the majority rule see *Whitt v. De Leu* (W.D.Wis.1981), 707 F.Supp. 1011, fn. 4.

Appellant argues these authorities should not apply when the insured at most only aided and abetted the sexual attack on Heather in the manner earlier set forth herein. The trial judge rejected such distinction and we agree, concluding there is no logical or persuasive reason to support it.

In sum, we hold that the sexual attacks upon Heather which Pamela J. Young aided by her conduct were not an "occurrence" by "accident" and constituted intentional conduct by the insured Pamela Young to cause harm, and were within the intentional-injury exclusion of an act by the insured "that is intended to cause any harm." Simply put, it would distort the policy

language beyond sense or reason to hold such conduct was intended by appellee to be within the liability coverage under the facts herein.[3]

Accordingly, the assignment of error is overruled and the judgment affirmed.

*Judgment affirmed.*

GREY and HARSHA, JJ., concur.

---

**3.** We deem it unnecessary to decide (1) whether the broad wording of the intentional injury exclusion endorsement, in addition to the wording "intended by the insured to cause any harm," would also be sufficient to deny coverage and (2) whether the sexual-acts exclusion is a sufficient basis to deny coverage under the facts herein.