AUTO–OWNERS INSURANCE COMPANY, Appellee,

v.

BRUBAKER et al., Appellants.

[Cite as *Auto–Owners Ins. Co. v. Brubaker* (1994), 93 Ohio App.3d 211.]

Court of Appeals of Ohio,
Lucas County.

No. L–93–115.

Decided Feb. 18, 1994.

**212**

*John R. Kuhl* and *Cynthia L. Chang,* for appellee.

*James E. Yavorcik,* for appellants.

*Per Curiam.*

This is an appeal from an order of the Lucas County Court of Common Pleas which granted summary judgment to an insurance company in a declaratory judgment action. The court held that the insurance company had no duty to defend or indemnify a homeowner's policyholder for psychological injuries sustained by a minor as a result of the policyholder's consensual sexual activity with the minor. Because we find the trial court properly inferred as a matter of law that adult sexual activity with a minor is intended to injure the minor, we affirm the trial court's judgment with respect to the bodily injury portion of the insurance policy. However, because we find that no such exclusion exists with respect to the personal injury coverage of the policy, we reverse the trial court's judgment in that regard.

Arthur Brubaker, age fifty-two, was insured by a homeowner's policy issued by appellee, Auto–Owners Insurance Company, Inc. While insured by appellee, Brubaker engaged in sexual activity with a fifteen-year-old female friend of his daughter. The girl and her parents, appellants herein, alleged that, as the result of the sexual activity with Brubaker, the fifteen year old was psychologically injured and required psychiatric care. When appellants looked to Brubaker to reimburse them for the cost of this care, Brubaker submitted the claim to appellee. Appellee denied coverage and instituted this action, seeking a declara-

tion that it had no duty to defend or indemnify Brubaker. Appellants, who were joined as defendants, filed a cross-claim for damages against Brubaker.

Following discovery, appellee moved for summary judgment. This motion, initially denied, was later granted and is before this court on the trial court's determination that there is no just cause for delay.

Appellants have timely appealed, setting forth the following sole assignment of error:

"The trial court erred in granting summary judgment to Auto–Owners Insurance Company, determining that there was no coverage for Mr. Brubaker's actions."

In this case, there are no genuine issues of material fact. Brubaker admits engaging in sexual activity with the fifteen year old; the issue of whether this activity caused the psychological injury has not been raised. The remaining question for us to decide is whether Brubaker is entitled, as a matter of law, to coverage under the terms of the insurance contract. See *Harless v. Willis Day Warehousing, Inc.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; Civ.R. 56(C).

The relevant provisions of the personal liability section of Brubaker's policy are as follows:

### "COVERAGE E—PERSONAL LIABILITY

"We will pay all sums which an insured person becomes legally obligated to pay as damages because of bodily injury, personal injury (libel, slander or defamation of character; false arrest, detention or imprisonment or malicious prosecution; invasion of privacy, wrongful eviction or wrongful entry) or property damage covered by this policy.

"If a claim is made or suit is brought against the insured person for liability under this coverage, we will defend the insured person at our expense, using lawyers of our choice. * * *

### "EXCLUSIONS

"Under Personal Liability Coverage * * * we do not cover:

" * * *

"7. bodily injury or property damage expected or intended by an insured person."

Here, as in the trial court, appellants present two arguments in favor of coverage. First, appellants suggest that coverage should not be disallowed because of Brubaker's contention that he did not intend to injure the fifteen year old, even though he intended that the sexual activity occur. Appellants, citing the

syllabus rule of *Physicians Ins. Co. of Ohio v. Swanson* (1991), 58 Ohio St.3d 189, 569 N.E.2d 906, argue that even if the insurer is successful in demonstrating that a tortfeasor intended an act, that alone is not sufficient for an insurer to avoid coverage. The insurer must also show that the injury itself was expected or intended. According to appellants, appellee has failed to establish this.

Second, appellants argue that, even if bodily injury coverage is avoided because Brubaker is deemed to have intended or expected an injury, coverage should nevertheless be found because there is no "expected or intended" exclusion for "personal injury" by the terms of the policy.

In response to appellants' first argument, appellee urged the trial court to create an exception to the *Physicians Insurance* rule when, as here, an adult engages in sexual activity with a minor. In such an instance, appellee argues that a trial court should be permitted to infer an intent or expectation to injure as a matter of law. With respect to appellants' second argument, appellee suggests that the parenthetical phrase following the words "personal injury" limits that coverage to the specific intentional torts enumerated within the parentheses and no other. The trial court adopted both of appellee's positions.

There is overwhelming support for appellee's position that there exists a permissible inference of intent to injure arising as a matter of law when an adult engages in sexual activity with a minor. The trial court notes that thirty-one states have adopted this view.[1] Additionally, at least two Ohio courts of appeals

---

1. *Horace Mann Ins. Co. v. Fore* (M.D.Ala.1992), 785 F.Supp. 947; *Allstate Ins. Co. v. Roelfs* (D.Alaska 1987), 698 F.Supp. 815; *Twin City Fire Ins. Co. v. Doe* (App.1989), 163 Ariz. 388, 788 P.2d 121; *CNA Ins. Co. v. McGinnis* (1984), 282 Ark. 90, 666 S.W.2d 689; *J.C. Penney Cas. Ins. Co. v. M.K.* (1991), 52 Cal.3d 1009, 278 Cal.Rptr. 64, 804 P.2d 689; *Allstate Ins. Co. v. Troelstrup* (Colo.1990), 789 P.2d 415; *Landis v. Allstate Ins. Co.* (Fla.1989), 546 So.2d 1051; *Roe v. State Farm Fire & Cas. Co.* (1989), 259 Ga. 42, 376 S.E.2d 876; *W. Am. Ins. Co. v. Vago* (1990), 197 Ill.App.3d 131, 143 Ill.Dec. 195, 553 N.E.2d 1181; *Altena v. United Fire & Cas. Co.* (Iowa 1988), 422 N.W.2d 485; *Menard v. Zeno* (La.App.1990), 558 So.2d 744; *Perreault v. Maine Bonding & Cas. Co.* (Me.1990), 568 A.2d 1100; *Harpy v. Nationwide Mut. Fire Ins. Co.* (1988), 76 Md.App. 474, 545 A.2d 718; *Worcester Ins. Co. v. Fells Acres Day School* (1990), 408 Mass. 393, 558 N.E.2d 958; *State Mut. Ins. Co. v. Russell* (1990), 185 Mich.App. 521, 462 N.W.2d 785; *Horace Mann Ins. Co. v. Indep. School Dist.* (Minn.1984), 355 N.W.2d 413; *New Hampshire Ins. Group v. Strecker* (1990), 244 Mont. 478, 798 P.2d 130; *State Farm Fire & Cas. Co. v. van Gorder* (1990), 235 Neb. 355, 455 N.W.2d 543; *Vermont Mut. Ins. Co. v. Malcolm* (1986), 128 N.H. 521, 517 A.2d 800; *Atlantic Employers Ins. Co. v. Tots & Toddlers Pre–School Day Care Ctr., Inc.* (1990), 239 N.J.Super. 276, 571 A.2d 300; *Allstate Ins. Co. v. Mugavero* (1992), 79 N.Y.2d 153, 581 N.Y.S.2d 142, 589 N.E.2d 365; *Allstate Ins. Co. v. Foster* (D.Nev.1988), 693 F.Supp. 886; *Allstate Ins. Co. v. Thomas* (W.D.Okla.1988), 684 F.Supp. 1056; *Mut. of Enumclaw v. Merrill* (1990), 102 Ore.App. 408, 794 P.2d 818; *Foremost Ins. Co. v. Weetman* (W.D.Pa.1989), 726 F.Supp. 618, affirmed (C.A.3, 1990), 904 F.2d 694; *Am. Family Mut. Ins. Co. v. Purdy* (S.D.1992), 483 N.W.2d 197; *Rodriquez v. Williams* (1986), 107 Wash.2d 381, 729 P.2d 627; *Horace Mann Ins. Co. v. Leeber* (1988), 180 W.Va. 375, 376 S.E.2d 581; *Whitt v. DeLeu* (W.D.Wis.1989), 707 F.Supp. 1011. See, also, Annotation, 31 A.L.R.4th (1984), 957, and Annotation (1992), 8 A.L.R.5th 254.

are in accord with this position. *Allstate Ins. Co. v. Lobracco* (Nov. 24, 1992), Franklin App. Nos. 92AP–649 and 92AP–650, unreported, 1992 WL 356270, *Young v. All Am. Ins. Co.* (1992), 81 Ohio App.3d 493, 611 N.E.2d 421. The reasoning of these cases is inescapable. Any adult of normal intelligence and competence knows, or should know, that sexual conduct or contact with a minor is virtually certain to cause injury to that minor. The law will presume that one who acts with such knowledge intends or expects the consequences of that action.

In this matter, there is no assertion that Brubaker is in any way incompetent. Therefore, the trial court properly found that he intended or expected to injure the fifteen year old with whom he engaged in sexual activity. This is sufficient to exclude coverage under bodily injury provisions of Brubaker's policy.

█ Personal injury coverage under the policy is, however, another matter. Appellee argues that the parenthetical list of torts following the words "personal injury" constitutes a complete list of those causes of action in that category. This is one interpretation of this clause, but certainly not the only interpretation. The parenthetical material might as easily be interpreted as being examples of types of intentional acts subsumed by the term "personal injury." Similarly, the policy of insurance at issue has no other definition of the term.

The phrase "personal injury" is generally viewed as a term of art, but we are unable to find a consensus as to its exact import. Black's Law Dictionary defines "personal injury" in both broad and narrow terms. According to Black's, "personal injury":

"In a narrow sense, a hurt or damage done to a man's *person,* such as a cut or bruise, a broken limb, or the like, as distinguished from an injury to his property or his reputation. The phrase is chiefly used in this connection with actions of tort for negligence and under worker's compensation statutes. But the term is also used (chiefly in statutes) in a much wider sense, and as including any injury which is an invasion of personal rights, and in this signification it may include such injuries to the person as libel or slander, criminal conversation, malicious prosecution, false imprisonment, and mental suffering." (Emphasis *sic* and citation omitted.) (5 Ed.1979), at 707. See, also, 74 American Jurisprudence 2d (1974) 620, Torts, Section 2, Personal Injury.

█ While we can only speculate as to whether the term "personal injury" in the instant policy was intended to include mental suffering of the type at issue in this matter, one thing is certain: the term "personal injury" here is susceptible to more than one interpretation. When the provisions of an insurance contract are reasonably susceptible to more than one interpretation, we are directed to construe these provisions strictly against the insurer and liberally in favor of the insured. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380,

syllabus. In so doing, we can only conclude that the psychological injury sustained here is a type of injury covered under the policy's term of "personal injury." We draw this conclusion because the policy fails to define either "personal injury" or specifically contain an applicable exclusion.

Accordingly, the trial court erred in concluding that appellee was entitled, as a matter of law, to a declaration that appellee had no duty to defend or indemnify Brubaker on this claim. Appellants' sole assignment of error is, therefore, well taken.

As a corollary, in view of this decision, it is also error for the trial court to deny appellants' motion for summary judgment on their counterprayer which seeks a declaration that appellee be obligated to defend and indemnify Brubaker on this issue. Pursuant to App.R. 12(B), when a court of appeals determines that an appellant is entitled to have judgment rendered in the appellant's favor as a matter of law, it may reverse the judgment and render the judgment the trial court should have rendered.

On consideration whereof, the court finds that substantial justice has not been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is reversed and, pursuant to App.R. 12(B), this court enters judgment in favor of appellants who are entitled to a declaration that appellee has a duty to defend and indemnify in this matter. It is ordered that appellee pay court costs of this appeal.

*Judgment accordingly.*

ABOOD, P.J., GLASSER and SHERCK, JJ., concur.