498 S.E.2d 222

## MANUFACTURERS AND MERCHANTS MUTUAL INSURANCE COMPANY, Respondent,

v.

Norman L. HARVEY; Joyce P. Harvey; Betsy Baker; R.H., a minor child under the age of fourteen years, by his next friend, P.H.; K.E.H., a minor child under the age of fourteen years, by her next friend, P.H.; B.C.H., a minor child under the age of fourteen years, by his next friend, P.H.; B.E.B., a minor child under the age of fourteen years; F.H.B., a minor child under the age of fourteen years; Price H.; and Gloria H., Defendants.

Of Whom R.H., a minor child under the age of fourteen years, by his next friend, P.H.; K.E.H., a minor child under the age of fourteen years, by her next friend, P.H.; B.C.H., a minor child under the age of fourteen years, by his next friend, P.H.; Price H.; and Gloria H. are, Appellants/Respondents

Of Whom Betsy Baker; B.E.B., a minor child under the age of fourteen years; and F.H.B., a minor child under the age of fourteen years, are, Primary Respondents/Appellants

Of Whom, Joyce Harvey is, Secondary Respondent/Appellant.

No. 2772.

Court of Appeals of South Carolina.

Submitted April 1, 1998.

Decided April 2, 1998.

Victoria L. Eslinger and Susan Batten Lipscomb, both of Nexsen, Pruet, Jacobs & Pollard, Columbia, for Appellants/Respondents.

J. Marvin Mullis, Jr., and Frank A. Barton, both of Mullis & Barton, Columbia, for Primary Respondents/Appellants.

Joseph M. McCulloch, Jr., Columbia, for Secondary Respondent/Appellant.

Thomas C. Salane, of Turner, Padget, Graham & Laney, Columbia, for Respondent.

## ORDER

The primary Respondents/Appellants and Respondent in the above captioned case have petitioned for rehearing. We grant this petition without oral argument and order that the opinion heretofore filed, Op. No. 2772, December 22, 1997, be withdrawn and the attached opinion be substituted.

IT IS SO ORDERED.

/s/ William T. Howell, C.J.

/s/ Jasper M. Cureton, J.

/s/ William L. Howard, J.

## Introduction

HOWARD, Judge:

This appeal raises the important question of whether the sexual abuse of a minor by an insured constitutes an "occurrence" under an insurance contract. Manufacturers and Merchants Mutual Insurance Company (Manufacturers) brought this declaratory judgment action seeking a declaration that its policies provide no coverage to the insureds, Norman and Joyce Harvey, for alleged acts of sexual abuse against their five minor grandchildren. The trial court concluded Manufacturers had no obligation to defend or indemnify the Harveys for liability resulting from the underlying civil actions against them. We affirm in part and reverse in part.

## Facts

Manufacturers issued homeowners policies to Norman Harvey for the period of February 1990 through February 1992. Joyce Harvey was an additional insured under the policies. It is uncontested that the alleged acts of sexual abuse were discovered during this time period.

In August of 1992, Norman Harvey pled guilty to indictments charging him with committing lewd acts upon children under fourteen years of age and with second degree criminal sexual conduct with minors. Joyce Harvey pled guilty to an indictment charging her with the unlawful abuse or neglect of children. The victims were the Harveys' five grandchildren. In 1993, lawsuits were filed on behalf of the grandchildren against Norman and Joyce Harvey. These suits alleged causes of action against both Harveys for assault, battery, intentional infliction of emotional distress, invasion of privacy, and false imprisonment. As to Norman Harvey, the complaints of the grandchildren alleged that he subjected them to various sexual acts including penile and digital penetration, penetration with other objects, fellatio, sodomy and other wrongful touching, exposure to harmful substances, exposure to dangerous practices, and exposure to ritualistic sex acts.

As to Joyce Harvey, the grandchildren alleged that she also engaged in wrongful sexual contact and photographed the grandchildren participating in wrongful, illicit touching with her husband. Further, the grandchildren alleged that Joyce

Harvey knew Norman Harvey was a pedophile, condoned his conduct with the grandchildren, and refused to report it or protect the grandchildren from the abuse. In addition to these claims, the grandchildren alleged that Joyce Harvey negligently supervised them during the abuse of Norman Harvey.

The parents of the grandchildren, Price and Gloria H. and Betsy Baker, filed separate lawsuits against the Harveys, alleging intentional infliction of emotional distress, invasion of privacy, loss of consortium, and negligent supervision.

Manufacturers sought a determination that it had no obligation under the policies to defend or indemnify the Harveys for the allegations in the civil actions. During the non-jury hearing, the trial court received the testimony of two medical experts, Dr. Harold Morgan and Dr. Gene Abel. These experts stated that, in their professional opinion, pedophiles have no understanding their acts are harmful to their victims. Both admitted, however, that Mr. Harvey understood the nature and quality of his acts and was perfectly competent except for a diminished capacity to resist his deviant sexual urges with minors.

After the hearing, the court issued its order concluding Manufacturers had no duty to defend or indemnify because

(1) repeated acts of molestation by the insureds do not constitute an "occurrence" within the meaning of the insuring clause of the policies; (2) an insured's sexual molestation of a minor is an act for which damage or injury is "expected or intended" as a matter of law and, therefore, is excluded under the "expected or intended" exclusion of the policy; and (3) Manufacturers & Merchants has no obligation under the homeowner policies to defend or to indemnify its insureds for any liability resulting from the underlying civil actions.

### Issues

I. Did the lower court err in holding that the intentional conduct of Joyce and Norman Harvey did not constitute an "occurrence" as defined under the policy?

II. Did the lower court err in finding that the intentional conduct of the Harveys is excluded from coverage by the intentional acts exclusion in the policy?

III. Did the lower court err in holding that the negligent supervision claims were not covered under the policy?

IV. Did the lower court err in finding that Norman and Joyce Harvey's guilty pleas collaterally estop the issue of intent?

## Discussion

I. Did the lower court err in holding that the intentional conduct of Joyce and Norman Harvey did not constitute an occurrence as defined under the policy?

We uphold the trial court's finding that sexual abuse does not constitute an "occurrence" as defined by the Harveys' insurance policies. The homeowners policies issued by Manufacturers provided "Personal Liability" coverage as follows:

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an *occurrence* to which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the insured is legally liable.

2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the *occurrence* equals our limit of liability. (emphasis added)

The term "occurrence" is defined in the policies as "an *accident,* including continuous or repeated exposure to substantially the same general harmful conditions which results, during the policy period, in: (a) bodily injury; or (b) property damage." (emphasis added) The term "accident" is not defined within the policies.

Since "accident" is not specifically defined in the policies, the term should be defined according to the usual understanding of the term's significance to the ordinary person. *USAA Property and Casualty Ins. Co. v. Rowland,* 312

S.C. 536, 435 S.E.2d 879 (Ct.App.1993). The South Carolina Supreme Court has interpreted the term "accident" to mean "an effect which the actor did not intend to produce and cannot be charged with the design of producing." *Goethe v. New York Life Ins. Co.*, 183 S.C. 199, 190 S.E. 451 (1937). More plainly stated, an intended injury cannot be accidental. *Id.*

Appellants argue that the medical testimony submitted at trial states conclusively that pedophiles and Mr. Harvey, in particular, do not intend sexual abuse to be harmful and that, therefore, sexual abuse can constitute an "occurrence."

 We today hold that the sexual abuse of a child is so inherently injurious to the victim that the perpetrator's intent to harm the child will be inferred as a matter of law. In so holding, we follow the 41 other jurisdictions which recognize an inferred intent to harm when adults sexually assault children.[1] As stated by Justice Souter, who addressed this issue while sitting on the New Hampshire Supreme Court:

---

1. Every jurisdiction having the opportunity to consider the issue in the context of sexual molestation of a minor by an insured has adopted the "inferred intent" doctrine and found that the intent to perform the act of molestation is sufficient to infer the intent to harm the child. Jurisdictions and cases adopting an "inferred intent" rule in sexual molestation cases are: **Alabama:** *State Farm Fire & Cas. Co. v. Davis*, 612 So.2d 458 (Ala.1993); *Horace Mann Ins. Co. v. Fore*, 785 F.Supp. 947 (M.D.Ala.1992). **Alaska:** *Allstate Ins. Co. v. Roelfs*, 698 F.Supp. 815 (D.Alaska 1987). **Arizona:** *Twin City Fire Ins. Co. v. Doe*, 163 Ariz. 388, 788 P.2d 121 (1989). **Arkansas:** *CNA Insurance Co. v. McGinnis*, 282 Ark. 90, 666 S.W.2d 689 (1984). **California:** *J.C. Penney Cas. Ins. Co. v. M.K.*, 52 Cal.3d 1009, 804 P.2d 689, 278 Cal.Rptr. 64 (1991); *Allstate Ins. Co. v. Kim W.*, 160 Cal.App.3d 326, 206 Cal.Rptr. 609 (1984); *American States Ins. Co. v. Borbor*, 826 F.2d 888 (9th Cir.1987); *State Farm Fire & Cas. Co. v. Bomke*, 849 F.2d 1218 (9th Cir.1988); *Fire Insurance Exchange v. Abbott*, 204 Cal.App.3d 1012, 251 Cal.Rptr. 620 (1988); *State Farm Fire & Cas. Co. v. Abraio*, 874 F.2d 619 (9th Cir.1989). **Colorado:** *Troelstrup v. District Court*, 712 P.2d 1010 (Colo. 1986) (En Banc); *Allstate Ins. Co. v. Troelstrup*, 789 P.2d 415 (Colo. 1990) (En Banc). **Connecticut:** *Middlesex Mutual Assurance Co. v. Rand*, 1996 WL 218698 (Conn.Super., April 4, 1996). **Delaware:** *Motley v. Maddox v. New Castle Mut. Ins. Co.*, 1992 WL 52206 (Del.Super.1992). **Florida:** *McCullough v. Central Florida YMCA*, 523 So.2d 1208 (Fla.App. 5 Dist.1988); *Landis v. Allstate Ins. Co.*, 546 So.2d 1051 (Fla.1989). **Georgia:** *Roe v. State Farm Fire & Cas. Co.*, 259 Ga. 42, 376 S.E.2d 876 (1989); *Allstate Ins. Co. v. Jarvis*, 195 Ga.App. 335, 393 S.E.2d 489 (1990). **Illinois:** *Scudder v. Hanover Ins. Co.*, 201 Ill.App.3d

921, 147 Ill.Dec. 386, 559 N.E.2d 559 (1990). **Indiana:** *Wiseman by Wiseman v. Leming,* 574 N.E.2d 327 (Ind.App.1991). **Iowa:** *Altena v. United Fire & Cas. Co.,* 422 N.W.2d 485 (Iowa 1988). **Kansas:** *Troy v. Allstate Ins. Co.,* 789 F.Supp. 1134 (D.Kan.1992). **Kentucky:** *Thompson v. West American Ins. Co.,* 839 S.W.2d 579 (Ky.App.1992); *Goldsmith v. Physicians Ins. Co. of Ohio,* 890 S.W.2d 644 (Ky.App.1994). **Louisiana:** *Doe v. Smith,* 573 So.2d 238 (La.App.1990); *Shaw v. Bourn,* 615 So.2d 466 (La.App.1993); *Belsom v. Bravo,* 658 So.2d 1304 (La. App.1995). **Maine:** *Perreault v. Maine Bonding & Cas. Co.,* 568 A.2d 1100 (Maine 1990). **Maryland:** *Harpy v. Nationwide Mut. Fire Ins. Co.,* 76 Md.App. 474, 545 A.2d 718 (1988). **Massachusetts:** *Terrio v. McDonough,* 16 Mass.App.Ct. 163, 450 N.E.2d 190 (1983); *Worcester Ins. Co. v. Fells Acres Day School. Inc.,* 408 Mass. 393, 558 N.E.2d 958 (1990). **Michigan:** *Linebaugh v. Berdish,* 144 Mich.App. 750, 376 N.W.2d 400 (1985); *Frankenmuth Mut. Ins. Co. v. Kompus,* 135 Mich. App. 667, 354 N.W.2d 303 (1984); *State Mutual Insurance Co. v. Russell,* 185 Mich.App. 521, 462 N.W.2d 785 (1990). **Minnesota:** *Horace Mann Ins. Co. v. Independent School District No. 656,* 355 N.W.2d 413 (Minn.1984); *State Farm Fire & Cas. Co. v. Williams,* 355 N.W.2d 421 (Minn.1984); *Lehmann v. Metzger,* 355 N.W.2d 425 (Minn. 1984); *Fireman's Fund Ins. Co. v. Hill,* 314 N.W.2d 834 (Minn.1982); *Illinois Farmers Ins. Co. v. Judith G.,* 379 N.W.2d 638 (Minn.App.1986); *Mutual Service Cas. Ins. Co. v. Puhl,* 354 N.W.2d 900 (Minn.App.1984). **Missouri:** *State Farm Fire & Cas. Co. v. D.T.S.,* 867 S.W.2d 642 (Mo.Ct.App.1993); *B.B. v. Continental Ins. Co.,* 8 F.3d 1288 (8th Cir. 1993). **Montana:** *New Hampshire Ins. Group v. Strecker,* 244 Mont. 478, 798 P.2d 130 (1990). **Nebraska:** *State Farm Fire & Cas. Co. v. van Gorder,* 235 Neb. 355, 455 N.W.2d 543 (1990). **Nevada:** *State Farm Fire & Cas. Co. v. Smith,* 907 F.2d 900 (9th Cir.1990); *Allstate Ins. Co. v. Foster,* 693 F.Supp. 886 (D.Nev.1988). **New Hampshire:** *Vermont Mut. Ins. Co. v. Malcolm.* 128 N.H. 521, 517 A.2d 800 (1986). **New Jersey:** *Atlantic Employers Ins. Co. v. Tots & Toddlers Pre–School Day Care Center, Inc.,* 239 N.J.Super. 276, 571 A.2d 300 (1990). **New Mexico:** *Sena v. Travelers Ins. Co.,* 801 F.Supp. 471 (D.N.M.1992). **New York:** *Allstate Ins. Co. v. Mugavero,* 79 N.Y.2d 153, 589 N.E.2d 365, 581 N.Y.S.2d 142 (1992). **North Carolina:** *Nationwide Mutual Ins. Co. v. Abernethy,* 115 N.C.App. 534, 445 S.E.2d 618 (1994); *Russ v. Great American Ins. Co.,* 121 N.C.App. 185, 464 S.E.2d 723 (1995). **North Dakota:** *Northwest G.F. Mut. Ins. Co. v. Norgard,* 518 N.W.2d 179 (N.D.1994). **Ohio:** *Young v. All America Ins. Co.,* 81 Ohio App.3d 493, 611 N.E.2d 421 (1992). **Oklahoma:** *Allstate Ins. Co. v. Thomas,* 684 F.Supp. 1056 (W.D.Okla.1988). **Oregon:** *Mutual of Enumclaw v. Merrill,* 102 Or.App. 408, 794 P.2d 818 (1990); *State Farm Fire & Cas. Co. v. Reuter,* 299 Or. 155, 700 P.2d 236 (1985) (En Banc). **Pennsylvania:** *Wiley v. State Farm Fire & Cas. Co.,* 995 F.2d 457 (3d Cir.1993); *Foremost Ins. Co. v. Weetman,* 726 F.Supp. 618 (W.D.Pa.1989); *Aetna Cas. & Surety Co. v. Roe,* 437 Pa.Super. 414, 650 A.2d 94 (1994). **Rhode Island:** *Peerless Ins. Co. v. Viegas,* 667 A.2d 785 (R.I.1995). **South Dakota:** *American Family Mut. Ins. Co. v. Purdy,* 483 N.W.2d 197 (S.D.1992). **Texas:** *Maayeh v. Trinity Lloyds Ins. Co.,* 850 S.W.2d 193 (Tex.App.1992); *Allen v. Automobile Ins. Co. of Hartford, Conn.,* 892 S.W.2d 198 (Tex.App.1994); *Commercial Union Ins. Co. v. Roberts,*

At the least, therefore, an insured's act is not an accidental contributing cause of injury when the insured actually intended to cause the injury that results. "[A]n accident is never present when a deliberate act is performed unless some additional unexpected, independent and unforeseen [circumstance exists or] happening occurs which produces or brings about the result of injury or death." *Nor can an insured's intentional act be an accidental cause of injury when it is so inherently injurious that it cannot be performed without causing the resulting injury.*

*Vermont Mutual Insurance Company v. Malcolm,* 128 N.H. 521, 523–24, 517 A.2d 800, 802 (1986) (citation omitted and emphasis added). We conclude that the effect of sexual abuse is so integral to the act that the intent to do the act is interchangeable with the intent to cause the resulting injury.

■ The intent to act, coupled with the intent to produce the consequences is not an "accident" as defined by the Supreme Court of South Carolina. *Goethe,* 183 S.C. 199, 190 S.E. 451 (1937). Since the Harveys' intentional acts of sexual abuse carry with them the inferred intent to harm their grandchildren, the acts alleged against the Harveys are not occurrences and, therefore, are beyond the scope of the Harveys' insurance coverage.

II. Did the lower court err in finding that the intentional conduct of the Harveys is excluded from coverage by the intentional acts exclusion in the policies?

The lower court held that, if the Harveys' conduct constituted an "occurrence," the acts are excluded by the intentional acts exclusion of the policies. Because we hold that intentional acts of sexual abuse cannot constitute an "occurrence," we need not address this issue on appeal.

---

815 F.Supp. 1006 (W.D.Tex.1992). **Washington:** *Rodriguez v. Williams,* 107 Wash.2d 381, 729 P.2d 627 (1986) (En Banc); *Public Employees Mut. Ins. Co. v. Rash,* 48 Wash.App. 701, 740 P.2d 370 (1987); *Grange Ins. Association v. Authier,* 45 Wash.App. 383, 725 P.2d 642 (1986); *Western National Assurance Co. v. Hecker,* 43 Wash.App. 816, 719 P.2d 954 (1986). **West Virginia:** *Horace Mann Ins. Co. v. Leeber,* 180 W.Va. 375, 376 S.E.2d 581 (1988). **Wisconsin:** *N.N. v. Moraine Mut. Ins. Co.,* 153 Wis.2d 84, 450 N.W.2d 445 (1990); *Whitt v. DeLeu,* 707 F.Supp. 1011 (W.D.Wis.1989).

III. Did the lower court err in holding that the negligent supervision claims were not covered by the policies?

We conclude the lower court properly found the complaints of the grandchildren and Price and Gloria H. alleged intentional conduct and, therefore, did not allege "occurrences" covered by the Harveys' insurance policies. However, we reverse the trial court's determination that Betsy Baker's allegations of negligent conduct are not within the scope of the Harvey's insurance coverage.

In an action for declaratory judgment, the obligation of a liability insurance company to defend and indemnify is determined by the allegations in the complaint. *R.A. Earnhardt Textile Machinery Div. Inc. v. South Carolina Ins. Co.,* 277 S.C. 88, 282 S.E.2d 856 (1981). Where the insured does not allege facts that bring the action within the policy coverage, the insurer has no obligation to defend the action. *Id. See Snakenberg v. Hartford Cas. Ins. Co., Inc.,* 299 S.C. 164, 383 S.E.2d 2 (Ct.App.1989). Therefore, we address each complaint individually.

*A. Allegations of the grandchildren*

The complaints of the grandchildren were drafted identically and allege the same facts and damages. Upon close examination, we find these complaints allege Joyce Harvey intentionally abused her grandchildren. Even the sections entitled "Negligent Supervision" assert intentional acts of willful, deliberate misconduct. While alternative pleading is permitted in South Carolina, parties may not attempt to invoke coverage by couching intentional acts in negligence terms. *South Carolina Med. Malpractice Liab. Ins. v. Ferry,* 291 S.C. 460, 354 S.E.2d 378 (1987).

Because every cause of action against Joyce Harvey alleges intentional acts of sexual abuse, these acts cannot constitute "occurrences" under the insurance contract. Therefore, the trial court did not err in holding all causes of action against Joyce Harvey by her grandchildren to be outside of Manufacturer's policy coverage.

*B. Allegations of Price and Gloria H.*

Price and Gloria H. are the parents of three of the Harveys' grandchildren. In their complaint, they allege that both Joyce

and Norman Harvey "negligently, recklessly, willfully, wantonly, and intentionally breached [their] duty to the Plaintiff in connection with the minor children in the following particulars...." The complaint also incorporates into each negligence cause of action the' following underlying allegations of fact:

At all times herein, the Defendants caused the Plaintiffs to vest in them their trust and the care of the Plaintiffs' minor children well knowing that they intended to, and did, engage in a pattern of sexual contact and other wrongs with each of the children, as well as exposure to each child to ritualistic, aberrant and deviant sexual practices, all for their own personal sexual gratification.

These underlying facts do not support a cause of action for negligent conduct. The Appellants cannot assert that Joyce and Norman Harvey committed intentional acts, incorporate these intentional acts into each cause of action, and then seek recovery based on a negligence theory. These allegations do not constitute mere alternative pleading. Rather, the allegations are factually incompatible in that they characterize intentional conduct as negligent conduct. This characterization provides no basis for coverage where, as here, it is clearly negated by the underlying factual assertions upon which it is premised. *South Carolina Med. Malpractice v. Ferry,* 291 S.C. 460, 354 S.E.2d 378 (1987).

■ Since the causes of action against the Harveys in the complaint of Price and Gloria H. allege acts of intentional sexual abuse, these causes of action do not constitute "occurrences" under the Harveys' policies. Therefore, the trial court was correct in its determination that the allegations of Price and Gloria H. are not within the scope of the Harveys' homeowner policies.

## C. Allegations of Betsy Baker

The complaint of Betsy Baker[2], the Harveys' daughter and the parent of two of the grandchildren, alleges that the

---

2. Betsy Baker's complaint is based on allegations that the harm to her children caused injury and damages *to Betsy Baker.* The complaint is not made on behalf of Baker's children.

Harveys negligently, recklessly, and willfully and intentionally injured the Plaintiff's minor children as follows:

a. in allowing the plaintiff's minor children to be in the company of a person or persons that each Defendant knew or should have known posed a severe danger to the Plaintiff's minor children, said danger being the likelihood of committing physical or sexual abuse toward the Plaintiff's minor children;

b. in allowing the Plaintiff's minor children to be in the presence of a person or persons whom each Defendant knew or should have known posed a significant risk to the Plaintiff's minor children of causing severe physical and emotional injury;

c. in allowing the Plaintiff's minor children to be physically, sexually, and emotionally abused;

d. in failing to take action to stop the Plaintiff's minor children from being in the presence of people who were likely to physically, sexually, or emotionally abuse the plaintiff's minor children;

e. in failing to prevent physical, sexual, or emotional abuse which each Defendant knew or should have known was likely to occur to the Plaintiff's minor children;

f. in allowing the Plaintiff's minor children to be physically, sexually, or emotionally abused;

Several of these allegations appear to be redundant or at least overlapping. Although subparagraphs c. and f. allege intentional conduct, subparagraphs a., b., d., and e. can be construed as alleging negligent or reckless conduct. The acts alleged in these portions of the complaint are not inherently injurious. While Norman and Joyce Harvey may each have intentionally allowed the children to be in the presence of abusers, this is different from an allegation that the Harveys intentionally abused the children.

Each of the other complaints allege that the conduct of the Harveys was intentional and these allegations were incorporated into each cause of action. Betsy Baker's complaint does not incorporate her allegations of intentional conduct into each cause of action. Therefore, whether referring to one Harvey negligently entrusting a child to the other Harvey, or to third parties, the conduct described in subparagraphs a., b., d., and

e. allege actions which, if established, would constitute an "occurrence" under the Harveys' policies.

 Further, the negligence claims in this complaint are not excluded by the intentional acts exclusion in the Harveys' policies. The South Carolina Supreme Court has held that, for an act to be an intentional act excluded by the intentional act exclusion of a policy, 1) the act which produces the loss must be intentional, and 2) the results of the act must be intended. *Miller v. Fidelity–Phoenix Ins. Co.*, 268 S.C. 72, 231 S.E.2d 701 (1977). Betsy Baker's complaint does not allege the Harveys' intended the harm to their grandchildren through their negligent supervision. Therefore, the Harveys' act of permitting the children to be in the company of potential abusers is not excluded by the intentional acts exclusion of the Harveys' policies.

For this reason, we reverse the trial court's ruling that Betsy Baker's allegations are outside of the scope of the Harveys' coverage and excluded by the intentional acts exclusion; we hold that Manufacturers must perform under the insurance contract.[3]

IV. Did the lower court err in finding that Norman and Joyce Harvey's guilty pleas collaterally estop the issue of intent?

The trial court held that Norman and Joyce Harvey were estopped by their guilty pleas to deny that they intended the harm alleged in the complaint. Because we find that the causes of action alleging intentional acts are outside of the scope of the insurance coverage, we need not address the effect of the Harveys' guilty pleas regarding these claims.

 However, Betsy Baker's complaint, which we find within the scope of the policies, asserts negligence claims based upon allegations of negligent entrustment of the children by each defendant to others, who then sexually abused them. We find that the court erred in holding that Joyce Harvey's guilty plea collaterally estopped relitigation of the

---

3. We hold only that the causes of action for negligence are within the scope of the insurance policies; we do not address the validity of Betsy Baker's claims.

issue of her intent to harm the children. The judge stated in his order:

> The guilty pleas of Norman and Joyce Harvey establish by collateral estoppel (1) that each committed intentional acts resulting in injury to minors; (2) each were competent to formulate the intent required to establish the criminal offenses; and (3) such competency and intent produces a reasonable "expectation" or "intention" to result in the injuries complained of by the various minors who were sexually abused.

The doctrine of collateral estoppel prevents parties from relitigating an issue that has previously been conclusively determined. *Beall v. Doe,* 281 S.C. 363, 315 S.E.2d 186 (Ct.App.1984). South Carolina courts have not conclusively held that collateral estoppel may result from guilty pleas. *See Beall v. Doe,* 281 S.C. 363, 315 S.E.2d 186 (Ct.App.1984); *Samuel v. Mouzon,* 282 S.C. 616, 320 S.E.2d 482 (Ct.App.1984) ("It is well settled that while a criminal conviction is not a binding adjudication of a subsequent civil action on the same facts, a judgment on a plea of guilty may be received into evidence as an admission, subject to explanation or rebuttal."). However, even if a guilty plea can collaterally estop relitigation of an issue in a subsequent civil trial, the doctrine would not be applicable here.

Joyce Harvey pled guilty to the unlawful neglect of a child. This statute states:

> Any person having the legal custody of any child or helpless person, who shall, without lawful excuse, refuse or neglect to provide, as defined in § 20–7–490, the proper care and attention for such child or helpless person, so that the life, health or comfort of such child or helpless person is endangered or is likely to be endangered, shall be guilty of a misdemeanor and shall be punished within the discretion of the circuit court.

S.C.Code Ann. § 20–7–50 (1985) (amended 1995) The South Carolina Supreme Court has held that violation of this section is proven without proof of knowledge or intent. *State v. Jenkins,* 278 S.C. 219, 294 S.E.2d 44 (1982). Because intent is not an element of the crime to which Joyce Harvey plead guilty, the trial court erred in holding that Joyce Harvey's

guilty plea was a conclusive finding that Joyce Harvey acted intentionally.

Conversely, Norman Harvey plead guilty to second degree criminal conduct and to committing lewd acts on a child. Norman Harvey's specific intent to abuse the children based upon his direct acts of abuse does not negate the possibility that, in addition to those acts, he also negligently entrusted the children to others as alleged by Betsy Baker. Because her complaint must be accepted as true for the purposes of this analysis, the trial court's determination that Norman Harvey's guilty plea collaterally estops the issue of specific intent is not dispositive of the claims of negligent entrustment alleged in Betsy Baker's complaint.

## Conclusion

Acts of sexual abuse by an adult on a minor are so inherently injurious as to necessitate a finding that the perpetrator intended the act and intended the inevitable resulting injury. Therefore, the alleged intentional acts of Norman and Joyce Harvey are beyond the scope of the Harveys' policies and the complaints which allege this intentional misconduct do not support an obligation by Manufacturers to defend or indemnify. Therefore, we affirm the trial court and hold that the allegations in the complaints of the grandchildren and Price and Gloria H. are not within the scope of the insurance coverage. We also reverse the holding of the trial court and find that the claims of Betsy Baker on behalf of her children are within the coverage of the Harveys' homeowners policies.

**AFFIRMED IN PART AND REVERSED IN PART.**

HOWELL, C.J., and CURETON, J., concur.