**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2475**

MCE AUTOMOTIVE, INC., d/b/a Toyota of Greer; MCE CARS, INC., d/b/a Kia of Greer,

    Plaintiffs – Appellants,

  v.

NATIONAL CASUALTY CO.; SUSAN WETHERALD, as Permanent Guardian and Conservator for Patricia A. Kaufman, a vulnerable adult,

    Defendants – Appellees.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:11-cv-01245-TMC)

Submitted: June 7, 2013     Decided: July 25, 2013

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert M. Frey, BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC, Ridgeland, Mississippi, for Appellants. John R. Murphy, Timothy J. Newton, MURPHY GRANTLAND, P.A., Columbia, South Carolina, for Appellee National Casualty Company.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This action stems from an underlying South Carolina state suit brought by Susan Wetherald against Plaintiffs-Appellants MCE Automotive, Inc., and MCE Cars, Inc. (collectively, "MCE"). Ms. Wetherald, as permanent guardian and conservator of Patricia A. Kaufman, alleges that MCE took advantage of Kaufman, a vulnerable adult, by selling her thirteen cars between July 2, 2007, and March 9, 2009. Wetherald's original complaint alleged six causes of action against MCE: exploitation of a vulnerable adult, civil conspiracy, conversion, illegal and unenforceable contract, unfair trade practices, and negligence.

At the time of the sales, MCE had four liability insurance policies with Defendant-Appellee National Casualty Company ("National"): Commercial General Liability coverage, Garage Liability coverage, Statute and Title Error and Omissions coverage, and Customer Complaint coverage. After the underlying action was filed, MCE gave notice of the suit to National, who denied coverage. When MCE contested the denial, National explained that Wetherald's complaint did not present any possibility of recovery of damages due to "bodily injury" or "property damage." MCE then filed this action in the District of South Carolina, alleging bad faith and breach of contract claims against National.

2

Both parties moved for summary judgment. The district court denied MCE's motion and granted National's motion. The court held that none of the claims alleged in the complaint gave rise to a duty to defend. According to the court, none of MCE's policies with National provided coverage for the intentional allegations in the original complaint. Moreover, even though Wetherald had stated a cause of action for negligence, the court held that the factual allegations in the complaint constituted intentional and deliberate acts that could not be construed as accidental in nature. J.A. 1166. The court explained that "[w]hile South Carolina law allows alternative pleading, a party cannot invoke coverage by couching intentional acts in negligence terms." Mfrs. & Merchant Mut. Ins. Co. v. Harvey, 498 S.E.2d 222, 227 (S.C. Ct. App. 1998).

After the district court issued its order, MCE moved for leave to file a supplemental complaint, or in the alternative, to alter or amend the judgment. In addition to requesting reconsideration of the district court's order, MCE noted that Wetherald had moved to amend her complaint in the underlying proceeding. According to MCE, the amended complaint would create a duty to defend. The court denied MCE's motion,

3

noting that Wetherald's motion had not yet been granted.[*]  MCE appealed.

We have thoroughly reviewed the record and the district court's orders and discern no reversible error. Accordingly, we affirm on the reasoning of the district court. See <u>MCE Automotive, Inc., et al. v. National Casualty Co., et al.</u>, No. 6:11-1245-TMC (D.S.C. Sept. 28, 2012 & Nov. 27, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] After the court denied MCE's motion, Wetherald was granted leave to amend her complaint in the underlying proceeding. National, apparently concluding that the amended complaint sufficiently alleged facts supporting a cause for negligence, then undertook MCE's defense in the suit.  In its response brief, however, National contends that the amended complaint does not give rise to a duty to defend.  <u>See</u> Appellee's Br. at 14, 23, 29-30.  Because the district court did not decide whether National has a duty to defend MCE against the allegations in the amended complaint, that issue is not properly before us.

4