JUSTICE FEW :
**247 This Court accepted the following certified question from the United States District Court for the District of South Carolina:
In Manufacturers & Merchants Ins. Co. v. Harvey , 330 S.C. 152, 498 S.E.2d 222 (Ct. App. 1998), the South Carolina Court of Appeals held that in a coverage dispute involving sexual abuse, negligence claims against a non-abusing third party constitute "occurrences" and are not barred by the intentional act exclusion in an insurance policy. How does this holding interact with the intentional or criminal act exclusion and joint obligations provision found in Allstate's insurance policy? Specifically, does Allstate's intentional or criminal act exclusion and the joint obligations provision operate to bar coverage for claims such as negligent supervision and breach of fiduciary duty levied against the non-abusing third party that is the other "named insured" in a policy?
This case arises out of years of alleged sexual abuse against minor Jane Doe by Joseph Stephen Hunter. Rose Wadford Hunter is the wife of Joseph Hunter. Doe, through her mother Mary Roe, brought suit against Rose Hunter in state court in Beaufort County, South Carolina. She asserts *494 causes of action for negligence, defamation, and breach of fiduciary duty based on Rose Hunter's non-intentional inaction in the face of evidence **248 of "her husband's sexual proclivities concerning young girls," and Rose Hunter's intentional post-abuse social media comments "disparaging, denigrating, and defaming" Roe as a "sorry mother."
Allstate Vehicle and Property Insurance Company issued a homeowner's policy to Joseph Hunter and Rose Hunter. Both Joseph Hunter and Rose Hunter were named insureds under the policy. Allstate is currently defending Rose Hunter in the state action subject to a reservation of rights.
Allstate filed suit in federal district court asking the court to declare that Allstate was not required to defend or provide coverage to Rose Hunter under the Hunter policy. Allstate filed a motion for summary judgment. Before ruling on the motion, the district court determined "only the negligence claim and breach of fiduciary duty claims against Rose Hunter could possibly be covered under the [Hunter] Policy."[1] As to those claims, the district court first found the Hunter policy clearly barred coverage to Joseph Hunter for his intentional acts of sexual abuse. The court then concluded, "[T]he policy unambiguously denies coverage to one named insured where the other named insured has been barred from coverage." However, the court did not immediately grant the motion for summary judgment as to the negligence and breach of fiduciary duty claims, but certified this question to us.
The certified question requires us to decide: (1) whether the court of appeals' holding in Harvey alters the conclusion of no duty to defend and no coverage for Rose Hunter that would otherwise follow from the district court's reading of the Hunter policy, and (2) whether there is any South Carolina public policy that prohibits the application of the Hunter policy to deny coverage for Rose Hunter.
We answer the certified question as follows,
There is nothing in Harvey or in the public policy of this State that would alter the district court's conclusion "the [Hunter] policy unambiguously denies coverage to [Rose Hunter] where [Joseph Hunter] has been barred from coverage."
**249 The holding in Harvey is limited to the insurance policy at issue in that case. Harvey does not stand for the general proposition that a negligence claim-or other claim of unintentional conduct-against a non-abusing named insured is always an "occurrence," nor that an intentional acts exclusion is never effective, in the context of a sexual abuse coverage case. The insurance policy in Harvey contained an intentional acts exclusion different from the intentional acts exclusion found in the Hunter policy. The insurance policy in Harvey did not contain a joint obligations provision. Finally, there is no public policy that would alter the district court's conclusion that the language of the Hunter policy denies coverage to Rose Hunter.
CERTIFIED QUESTION ANSWERED.
BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.

The district court found the defamation cause of action to be a claim for intentional conduct, and thus "the 'intentional acts' exclusion precludes coverage for damages arising out of the defamation claim."