**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 18-2079**

---

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,

Plaintiff - Appellee,

v.

JANE DOE, by and through her mother and natural Guardian ad Litem, Mary Roe;
MARY ROE, individually,

Defendants - Appellants,

and

ROSE WADFORD HUNTER,

Defendant.

---

**No. 19-1180**

---

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,

Plaintiff - Appellee,

v.

JANE DOE, by and through her mother and natural Guardian ad Litem, Mary Roe;
MARY ROE, individually,

Defendants - Appellants,

and

ROSE WADFORD HUNTER,

               Defendant.

---

Appeals from the United States District Court for the District of South Carolina, at Beaufort. David C. Norton, District Judge. (9:17-cv-00384-DCN)

---

Submitted: January 17, 2020                               Decided: January 30, 2020

---

Before WYNN and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Aaron E. Edwards, Lawrence E. Richter, Jr., THE RICHTER FIRM, LLC, Mt. Pleasant, South Carolina, for Appellants. A. Johnston Cox, Janice Holmes, GALLIVAN, WHITE & BOYD, PA, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mary Roe and Jane Doe (collectively, "Roe/Doe") appeal the district court's orders granting summary judgment to Allstate Vehicle and Property Insurance Company ("Allstate"). The district court concluded that Allstate had no duty to defend or indemnify Roe/Doe's claims against Joseph Stephen Hunter, Sr., who allegedly sexually abused Jane Doe for nearly 10 years, and Rose Wadford Hunter, who Roe/Doe claim knew of and failed to prevent the abuse. We have reviewed the parties' briefs and find no reversible error.

Roe/Doe do not dispute the district court's findings as to Joseph Hunter; they challenge only the court's grant of summary judgment on their negligence, breach of fiduciary duty, and defamation claims against Rose Hunter. The district court properly accepted Roe/Doe's factual allegations from the underlying state complaint and granted summary judgment applying settled state law. The court also correctly held that Allstate had no duty to defend and indemnify Roe/Doe's defamation claims against Rose Hunter, since Roe/Doe themselves alleged that Rose Hunter's actions were intentional. *See Miller v. Fid.-Phx. Ins. Co.*, 231 S.E.2d 701, 702 (S.C. 1977). Finally, the district court correctly held that Allstate had no duty to defend and indemnify Roe/Doe's negligence claims against Rose Hunter, based on the South Carolina Supreme Court's conclusion that "the Hunter policy unambiguously denies coverage to Rose Hunter where Joseph Hunter has been barred from coverage." *Allstate Vehicle & Prop. Ins. Co. v. Hunter*, 821 S.E.2d 493, 494 (S.C. 2018) (alterations omitted).

Accordingly, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*